**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **STC.UNM f/k/a SCIENCE & TECHNOLOGY CORPORATION @ UNM**<br><br>       **Plaintiff,**<br><br>   **v.**<br><br>**ENVIRONMENTAL ROBOTS, INC.**<br><br>       **Defendant.** | **Civil No. _____** |

**COMPLAINT**

The plaintiff, the STC.UNM, f/k/a Science &Technology Corporation @ UNM ("STC"), alleges in the afore-captioned matter as follows:

**PARTIES, JURISDICTION AND VENUE**

**STC.UNM**

1. STC is a nonprofit corporation formed by the University of New Mexico, who is the sole member of the nonprofit corporation. STC's principal place of business is at 801 University Blvd., SE Suite 101 Albuquerque, New Mexico.

2. STC was formed in 1992 by the Regents of the University of New Mexico to protect and transfer its faculty inventions to the commercial marketplace.

**The Defendant**

3. The defendant named in this action is Environmental Robots, Inc. ("ERI").

4. Upon information and belief, ERI is a New Mexico corporation having a principal place of business at 909 Virginia, NE Suite 205, Albuquerque, New Mexico 98108.

**Jurisdiction and Venue**

5. Counts I and III of the Complaint arise under the patent laws of the United States (35 U.S.C. § 1, et seq.). Count II involves a related claim for breach of a patent license agreement.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1338 and 1367.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

8. ERI is located in this Judicial District and has been, and is, engaged in substantial and continuous business activities in this Judicial District.

## COUNT I – PATENT INFRINGEMENT

9. STC hereby incorporates by reference paragraphs 1-8, above.

10. STC is the owner by assignment of U.S. Patent No. 6,109,852, entitled "Soft Actuators and Artificial Muscles" (the "'852 patent"), which issued on August 29, 2000. (Exhibit A).

11. ERI has infringed and continues to infringe the claims of the '852 patent by making, using, offering for sale, and selling in the United States products covered by the '852 patent.

12. ERI's infringement has been willful.

13. ERI's infringing acts has caused and will cause continued damage to STC in an amount to be proven in trial.

14. ERI's continued acts of infringement will further cause immediate and irreparable harm to STC for which there is no adequate remedy at law, and for which STC is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT II – BREACH OF CONTRACT

15. STC hereby incorporates by reference paragraphs 1-14, above.

16. On August 1, 2005, STC and ERI executed a License Agreement ("Agreement"), whereby STC provided ERI with a non-exclusive license for use of STC's technical information and to the '852 patent.

17. Pursuant to the terms of the Agreement, ERI is required to pay STC a royalty based on a percentage of ERI's worldwide sales of products covered by the '852 patent or use STC's technical information.

18. ERI has sold, and continues to sell, products in the United States which are covered by the '852 patent or use STC's technical information.

19. ERI has not made a single royalty payment to STC despite STC's repeated requests to do so.

20. ERI's refusal to make the required royalty payments has damaged STC in an amount to be proven in trial.

## COUNT III – FALSE MARKING UNDER 35 U.S.C. § 292

21. STC hereby incorporates by reference paragraphs 1-20, above.

22. ERI marks its products with the '852 patent by indicating to the public in its marketing materials that its products are protected by the '852 patent.

23. However, in communications with STC on ERI's refusal to pay royalties, ERI said its products are not covered (protected) by the '852 patent.

24. ERI cannot have it both ways. If its products are covered by the '852 patent, royalties are owed to STC. Alternately, if its products are not covered by the '852 patent, its products are unpatented articles with respect to the '852 patent making its claim that its products are protected by the '852 patent intentionally false statements in violation of the false marking provisions of 35 U.S.C. § 292.

WHEREFORE, STC respectfully requests this Honorable Court to order the following relief:

A) Declaring that ERI has infringed, and continues to infringe the '852 patent under 35 U.S.C. § 271 (g);

B) Declaring that ERI has willfully infringed and continues to willfully infringe the '852 patent;

C) Temporarily and permanently enjoining ERI from further infringement of the '852 patent;

D) Awarding STC money damages pursuant to 35 U.S.C. § 284, together with costs and prejudgment interest;

E) Awarding STC treble damages pursuant to 35 U.S.C. § 284;

F) Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding STC reasonable attorney fees;

G) Find that ERI manufacture, promotion, advertising, marketing, sale and/or distribution of products with false patent markings or false patent assertions violate 35 U.S.C. § 292(a).

H) Determine an appropriate "fine," not more than $500 per offense, but sufficient to appropriately penalize ERI's violations of 35 U.S.C. § 292(a), and to deter ERI and others similarly situated from further violating §292(a) in the future.

I) Direct that half of the fine be paid to the United States government pursuant to 35 U.S.C. § 292(b).

J) Direct that the other half of the fine be paid to STC pursuant to 35 U.S.C. § 292(b).

K) Entering judgment in STC's favor and against ERI on Count II for the total sum of ERI's underpayment of royalties due under the Agreement; and

L) Attorneys fees, prejudgment interests, costs and other such relief this Court deems just and proper.

Dated:  February 4, 2010

Respectfully submitted,

*Electronically Filed*
By: */s/ Keith A. Vogt*
    Keith A. Vogt
    Rolf O. Stadheim
    Joseph A. Grear
    George C. Summerfield
    Steven R. Pedersen
    STADHEIM & GREAR, LTD.
    400 North Michigan Avenue, Suite 2200
    Chicago, Illinois 60611
    Telephone:  (312) 755-4400
    Facsimile:  (312) 755-4408

*Attorneys for Plaintiff*
*STC.UNM*

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff, STC.UNM, demands a jury trial of all issues properly triable to a jury in this case.

Dated: February 4, 2010                Respectfully submitted,

*Electronically Filed*
By: /s/ Keith A. Vogt
    Keith A. Vogt
    Rolf O. Stadheim
    Joseph A. Grear
    George C. Summerfield
    Steven R. Pedersen
    STADHEIM & GREAR, LTD.
    400 North Michigan Avenue, Suite 2200
    Chicago, Illinois 60611
    Telephone: (312) 755-4400
    Facsimile: (312) 755-4408

*Attorneys for Plaintiff*
*STC.UNM*